# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to Civil File Nos. 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5046, 18-1562, 18-1565, 18-1572, 18-1573, | **MEMORANDUM OF LAW & ORDER** |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Leave to File a Sur-Reply to Defendant and Proposed Intervenors' Motion to Compel Arbitration and Enforce Class-Action Waivers. [Docket No. 312] Oral argument on the underlying motion to compel arbitration has been set for March 6, 2019.

## II. BACKGROUND

Plaintiffs filed their Opposition to the motion to compel arbitration on August 23, 2018. [Docket No. 253] Defendant filed its Reply in support of the motion to compel arbitration on November 21. [Docket No. 295] On December 13, Plaintiffs filed the current motion for leave to file a sur-reply.

1

**III. DISCUSSION**

Plaintiffs assert that, in the Reply, Defendant changed the basis for its motion seeking to compel arbitration from seeking relief under § 4 of the Federal Arbitration Act ("FAA") to seeking relief under § 3 of the FAA. Defendant agrees that Plaintiffs should be entitled to file a sur-reply addressing this issue.

Plaintiffs assert that Defendant's Reply includes new declarations, testimony, and documents that were not in the record when Plaintiffs submitted their Opposition. Specifically, after Plaintiffs submitted their Opposition, Defendant produced new documents and took the depositions of 28 Plaintiffs. CenturyLink cites to this deposition testimony to prove that these Plaintiffs agreed to mandatory arbitration clauses. Plaintiffs seek to file new declarations by these same Plaintiffs to clarify their testimony and to make their original declarations accurate and complete.

Defendant agrees that Plaintiffs should be permitted to address certain new declarations that it filed in conjunction with its Reply. It further agrees that Plaintiffs should be allowed to supplement their declarations regarding facts that they could not address in their depositions. However, it objects to Plaintiffs attempting to file "sham" declarations to undo their deposition testimony.

The Court grants Plaintiffs' motion. The parties agree that Defendant has submitted a new legal theory and certain new evidence that Plaintiffs should be permitted to address. Additionally, the question of whether Plaintiffs agreed to arbitration clauses is the key question in this hotly contested motion. A party cannot rely on a sham declaration created after damaging deposition testimony to create a fact issue. However, the Court cannot judge the propriety of Plaintiffs' proposed new declarations without reviewing the declarations and comparing them to the deposition testimony, none of which are currently before the Court. Thus, at this point, the Court will grant Plaintiffs' request to file the sur-reply and declarations. By permitting Plaintiffs to file the declarations, the Court is not yet ruling on the admissibility or evidentiary significance of these declarations. Defendants will be permitted ample time to respond, and the Court will rule on the parties' arguments when a full record is before it.

Because the parties seek to add significant additional briefing and evidence and to substantially extend the briefing schedule, the Court cancels the oral argument currently set for March 6, 2019. The parties shall contact the Court to obtain a new hearing date that will permit the parties to fully address these new issues and allow the Court sufficient time to prepare for oral argument.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Leave to File a Sur-Reply to Defendant and Proposed Intervenors' Motion to Compel Arbitration and Enforce Class-Action Waivers [Docket No. 312] is **GRANTED**.

2. Plaintiffs shall file a sur-reply not exceeding 8,000 words by January 18, 2019.

3. Plaintiffs' sur-reply shall address the argument that Defendant has withdrawn its motion to compel arbitration under § 4 of the Federal Arbitration Act ("FAA"); that Defendant has requested to stay these actions pursuant to § 3 of the FAA; and any arguments or supporting documents that rely on discovery obtained or produced after August 23, 2018. Plaintiffs may submit conformed declarations in light of discovery that occurred after August 23, 2018; however, the admissibility and significance of these declarations will be decided after Defendant has had the opportunity to respond to the sur-reply.

4. Defendant shall be permitted to file a response to the sur-reply. The response shall be filed by February 22, 2019, and shall not exceed 8,000 words.

5. The oral argument currently set for March 6, 2019, is **CANCELLED**, and the parties shall contact the Court to reschedule oral argument at a later date.

Dated:  January 8, 2019                             s/ Michael J. Davis
                                                    Michael J. Davis
                                                    United States District Court