UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to Civil File Nos. 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5046, 18-1562, 18-1565, 18-1572, 18-1573, | **MEMORANDUM OF LAW** |

## I. INTRODUCTION

On August 20, 2019, the Court issued an Order [Docket No. 447] granting the State of Minnesota's Motion for Continuance and Extension of Time to Respond to Defendant and Intervenors' Motion for Temporary Injunction [Docket No. 436]. In accordance with that Order, the Court issues the following Memorandum of Law.

## II. BACKGROUND

The Minnesota Attorney General began an investigation into the billing practices of Defendant CenturyLink, Inc. ("CenturyLink") in 2015. (Canaday Decl. ¶ 1.) On July 12, 2017, the State of Minnesota (the "State") filed an action

1

against CenturyLink in Minnesota state court to enforce Minnesota's consumer protection laws and its parens patriae authority to vindicate the State's sovereign and quasi-sovereign interest to protect the economic welfare of Minnesota's citizens. (Id.)

This MDL was transferred to this Court on October 10, 2017. The first individual case in the MDL was filed on June 18, 2017 in the Central District of California. McLeod et al v. CenturyLink, Inc., Civil File No. 17-4614 (MJD/KMM).

Discovery closes on October 11, 2019 in the state action, and the State's motion for summary judgment must be filed on or before October 10, 2019. (Canaday Decl. ¶ 5.) CenturyLink represents that oral argument on the summary judgment motion is set for November 7, 2019. Trial is scheduled to begin in March 2020. (Id.) In contrast, the motions to dismiss, to intervene, and to compel arbitration are still pending in the MDL consumer cases, full-scale discovery has not yet commenced, no class has been certified, and no settlement has been presented to the Court.

During a June 7, 2019 hearing, MDL lead counsel informed this Court that the parties in the consumer cases had reached a tentative settlement of the

consumer MDL cases. ([Docket No. 410] June 7, 2019 Tr. 7.) Lead counsel represented that the settlement included a $15.5 million fund and that there was "a lot of work" remaining to establish the final terms of the settlement. (Id. 7-8.) The parties have not disclosed the final terms of the settlement to the Court or to the State. (Canady Decl. ¶¶ 8, 10.) The State did not participate in those settlement discussions. (Id. ¶ 8.) CenturyLink represents that the consumer plaintiffs and CenturyLink have agreed in writing to the material terms of a nationwide class-action settlement in a Term Sheet and will soon move for preliminary approval of that settlement.

On July 30, 2019, CenturyLink emailed the State and demanded that it "withdraw" its claim for restitution in the state action. (Canaday Decl. ¶ 9.) In response, the State requested a copy of the current draft of the settlement agreement in order to evaluate CenturyLink's proposal, but CenturyLink refused to provide it. (Id. ¶ 11.)

On August 1, 2019, Defendant and Intervenors filed a Motion for Temporary Injunction to Enjoin and Stay Minnesota Attorney General's Duplicative Consumer Restitution Claims. [Docket No. 421] Defendant seeks to

enjoin the Minnesota Attorney General from pursuing restitution claims in the state court action.

Based on the Court's schedule and the represented availability of all relevant parties, the Court set the hearing on the motion for September 25, 2019. [Docket No. 428] On August 7, 2019, the State filed a letter request for a continuance, which Defendant opposed. [Docket Nos. 430-31] On August 15, the Court denied the State's request without prejudice on the grounds that the Court would only consider a request for a continuance contained in a formal motion. [Docket No. 435]

On August 16, the State filed the current Motion for Continuance. The State requests that the Court 1) continue the hearing on Defendant's motion until after Defendant files for preliminary approval of the putative class action settlement and 2) alter the briefing schedule on the motion so that the State is provided at least 30 days after such filing to submit its response in opposition to the motion.

## III. DISCUSSION

### A. Standard for a Continuance

"[A] party who seeks a continuance must show good cause." D. Minn. L.R. 6.1(a). See also Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done

4

within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires. . . ."). When a party moves for an extension before the original time expires, "motions to extend are to be liberally permitted." Baden v. Craig-Hallum, Inc., 115 F.R.D. 582, 585 (D. Minn. 1987).

> Because the issue of "good cause" is case-by-case and subject to the discretion of the district courts, it has no concrete definition but is analyzed by a number of factors, including (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith.

Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp., No. 4:16-CV-00355-JAJ, 2017 WL 10153534, at *4 (S.D. Iowa Sept. 6, 2017).

### B. Good Cause

The State has established good cause for a continuance. At this time, CenturyLink's motion is premature. Both the State and the Court need to be able to review the specific terms of the proposed settlement agreement in order to cogently argue and decide CenturyLink's motion for a temporary injunction. Knowing the terms of the proposed settlement will assist the Court in determining whether there is

> nothing preventing the two sets of claims and interests [i.e., private class and government enforcement] from existing in parallel—for example, in a private settlement that resolves only the individuals' right to pursue damages . . . and doesn't interfere with the [government's] ability to seek restitution and other remedies.

Consumer Prot. Div. v. Linton, No. 2609, Sept. Term, 2017, 2019 WL 1770524, at *9 (Md. Ct. Special App., Apr. 22, 2019). Within CenturyLink's argument that the state court action endangers the potential federal settlement to the extent that an injunction is necessary, CenturyLink makes certain representations about the terms of the tentative settlement, such as whether television consumer claims are included in the settlement and how the settlement treats restitution recovered in state attorney general proceedings. These arguments belie CenturyLink's claim that the State and the Court need not review the preliminary settlement before being able to cogently analyze whether a temporary injunction should issue.

As demonstrated by the cases relied upon by Defendant itself, courts properly consider motions for temporary stays of parallel state proceedings, particularly those prosecuted by states on their own behalf, when or after they consider motions for preliminary approval of the class-wide settlements. See, e.g., In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220, 236-37 (3d Cir. 2002) (upholding injunction when temporary injunction issued "after a conditional

class certification and preliminary settlement had been negotiated and approved by the District Court"); Carlough v. Amchem Prods., Inc., 10 F.3d 189, 194, 203 (3d Cir. 1993) (affirming grant of preliminary injunction when "the prospect of settlement was indeed imminent" and "the proposed settlement agreement [had been] filed simultaneously with the federal class action complaint"); In re Am. Inv'rs Life Ins. Co. Annuity Mktg. & Sales Practices Litig., No. CIV. A. 05-MD-1712, 2013 WL 3463503, at *2-3 (E.D. Pa. July 10, 2013) (enjoining related state attorney general lawsuit after the federal court had already certified the settlement class and issued a final order approving the settlement); In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig., No. 11-MD-2247 ADM/JJK, 2012 WL 13065005, at *1, 8 (D. Minn. Jan. 19, 2012) (issuing temporary injunction of state proceedings in conjunction with court's preliminary approval of the MDL class-wide settlement agreement); Kaufman v. Am. Exp. Travel Related Servs. Co., 264 F.R.D. 438, 450 (N.D. Ill. 2009) (enjoining state action after settlement class had been certified, settlement agreement had been submitted to the court for preliminary approval, and court found that "[t]he deficiencies in the Notice and Settlement Agreement are relatively few, and are likely to be remedied").

The few cases in which an injunction issued before the settlement was submitted for preliminary approval involve unique procedural postures not at issue here, such as when multiple defendants have already settled with plaintiffs. See, e.g., In re Baldwin-United Corp., 770 F.2d 328, 336 (2d Cir. 1985) (affirming injunction issued after the class settlement with 18 of the 26 named defendants had been preliminarily approved). There is no authority cited in which a federal court has enjoined a state from litigating in a parallel action before the federal settlement agreement has even been submitted for preliminary approval or at least some of the federal defendants have already settled the case.

### C. Good Faith and Lack of Prejudice

The Court finds that the State is making the request for a continuance in good faith to enable it to meaningfully respond to the motion for an injunction and to protect its sovereign and quasi-sovereign authority to pursue the procedurally advanced state action and vindicate the interests of the citizens of the State of Minnesota. Additionally, CenturyLink will not be prejudiced by the continuance. There is no authority for the proposition that a putative class's undisclosed, potential settlement justifies interfering with an ongoing, procedurally advanced government enforcement action. CenturyLink claims that the motion for preliminary approval will be filed shortly. Thus, the motion

for a preliminary injunction can be briefed and heard shortly. Moreover, given the current posture of this MDL and the record before the Court, the Court would be unable to meaningfully analyze the motion for a preliminary injunction at this time. Requiring briefing and a hearing at this time would be a waste of the parties' and judicial resources.

Based on the foregoing reasons, the Court issued the August 20, 2019 Order granting the State's motion for a continuance. [Docket No. 447]

Dated: August 28, 2019        s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court