# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to Civil File Nos. 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046 | **MEMORANDUM OF LAW & ORDER** |

Carolyn G. Anderson, Brian C. Gudmundson, Bryce D. Riddle, and Hart L. Robinovitch, Zimmerman Reed LLP, Plaintiffs' Interim Co- Lead and Liaison Counsel; Mark M. O'Mara, Alyssa J. Flood, Channa Lloyd, and Caitlin Frenkel, O'Mara Law Group, and Mark J. Geragos, Benjamin J. Meiselas, and Lori G. Feldman, Geragos & Geragos, APC, Plaintiffs' Interim Co-Lead Counsel; Daniel C. Hedlund and Michelle J. Looby, Gustafson Gluek PLLC, Richard M. Hagstrom, Anne T. Regan, Nicholas S. Kuhlmann, and Jason Raether, Hellmuth & Johnson, PLLC, Roxanne Barton Conlin, Roxanne Conlin & Associates, PC, and Francois M. Blaudeau, W. Lewis Garrison, Jr., Christopher B. Hood, and James F. McDonough, III, Heninger Garrison Davis, LLC, Plaintiffs' Executive Committee; and T. Ryan Langley, Hodge & Langley Law Firm, P.C., Michael Fuller, Olsen Daines PC, Brandon C. Fernald, Fernald Law Group LLP, Bonner C. Walsh, Walsh PLLC, Alfred M. Sanchez, and Orin Kurtz, Gardy & Notis, LLP, Additional Counsel for Plaintiffs and the Proposed Class.

Douglas P. Lobel, David A. Vogel, Martin S. Schenker, and Jeffrey M. Gutkin, Cooley LLP, and William A. McNab and David M. Aafedt, Winthrop & Weinstine, P.A., Counsel for Defendant CenturyLink, Inc.

**I.      INTRODUCTION**

This matter is before the Court on Defendant's Motion to Temporarily Stay Discovery Pending Resolution of Forthcoming Motion to Compel Arbitration and Enforce Class-Action Waivers.  (MDL [Docket No. 87].)  The Court heard oral argument on May 2, 2018.  For good cause shown, the Court grants the motion.

**II.     BACKGROUND**

On April 28, 2018, Defendant CenturyLink, Inc. ("CenturyLink") filed Defendant and Proposed Intervenors' Motion to Compel Arbitration and Enforce Class-Action Waivers (MDL [Docket No. 122]), in which it claims that 37 of the 38 named Plaintiffs agreed to arbitration and class-action waiver clauses in their service contracts such that their claims against CenturyLink in this case are subject to mandatory individual arbitration.  It further claims that the thirty-eighth Plaintiff, Michael Maguire, agreed solely to a class-action waiver.

Plaintiffs have taken the position that class-wide discovery on the merits should begin immediately.  According to Defendant, such discovery will implicate more than 5.5 million customers.  (Beard Decl. ¶ 4.)  Defendant asks

that the Court stay discovery until it has ruled on the Motion to Compel Arbitration.

## III.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 26(c) provides that "a court may stay discovery for good cause shown. However, it, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc., No. CIV. 13-1356 (ADM/FLN), 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) (citations omitted). "Courts use a balancing test to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue." Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc., No. 15-CV-4378 (PJS/HB), 2016 WL 6892108, at *3 (D. Minn. July 29, 2016).

> Regarding whether good cause exists to stay litigation pending proceedings in another forum, courts in this district consider, among other things, whether a stay would unduly prejudice or give a clear tactical advantage to one party, whether a stay will simplify the issues in question and the trial of the case, and whether discovery is complete and a trial date has been set.

Id.  "It may often make sense for discovery to continue while a federal court considers whether a case that will probably be litigated no matter what will proceed before it or in some other court, but courts have regularly stayed discovery while the court considers whether a case must instead proceed in arbitration."  Id. at *4 (gathering cases).  When a pending motion to dismiss would dispose of all or substantially all of the case, it "appears to have substantial grounds," and is "not unfounded in the law," courts have stayed discovery during the pendency of the motion.  Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94CIV. 2120 (LMM)(AJP), 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996).

    **B.**    **Substantial Grounds**

The Court has thoroughly reviewed the parties' submissions and oral arguments connected to the current motion, as well as CenturyLink's submissions in connection with its Motion to Compel Arbitration.  CenturyLink has submitted admissible evidence and robust arguments to show that 37 of the 38 Plaintiffs are bound by mandatory arbitration agreements and class-action waivers, that Plaintiff Maguire is bound by a class-action waiver, and that the arbitration clauses and class-action waivers encompass the disputes at issue in this proceeding against CenturyLink.  Plaintiffs have vigorously responded with strong arguments in favor of denial of the Motion to Compel Arbitration.  The

Court makes no prediction regarding the eventual outcome of CenturyLink's motion. However, at this early stage, it appears that CenturyLink's Motion to Compel Arbitration is based on substantial grounds and is not unfounded in law. Additionally, if CenturyLink's Motion to Compel Arbitration is granted, only a single Plaintiff's individual claims will remain in this Court.

### C.     Prejudice

If CenturyLink is successful on its Motion to Compel Arbitration, the arbitrator, not this Court, will determine the scope of discovery. See, e.g., CIGNA HealthCare of St. Louis, Inc. v. Kaiser, 294 F.3d 849, 855 (7th Cir. 2002); Wells Fargo Ins. Servs. USA, Inc., 2016 WL 6892108, at *5. Proceeding with discovery before determining which claims are arbitrable or subject to class-action waivers would allow Plaintiffs to obtain extensive discovery on class-wide issues. Yet much of this information will be irrelevant to individual arbitrations. Such voluminous discovery will likely be costly in terms of money and time. Without a temporary stay, CenturyLink's potential right to have an arbitrator manage discovery would be negated. See Nat'l Broad. Co. v. Bear Stearns & Co., 165 F.3d 184, 190–91 (2d Cir. 1999) ("The popularity of arbitration rests in considerable part on its asserted efficiency and cost-effectiveness—characteristics said to be at odds with full-scale litigation in the courts, and especially at odds

with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure."). This prejudice cannot be undone if the disputes are later found to be arbitrable.

On the other hand, a temporary stay of discovery will not prejudice Plaintiffs. If the claims are subject to arbitration, Plaintiffs will not be prejudiced by being barred from taking discovery to which they are not contractually entitled. If the claims are not subject to arbitration and class-action waivers, a brief delay in class-wide discovery to determine what discovery is appropriate is not prejudicial. See Roadbuilders Machinery Supply Co. v. Sennebogen, Inc., No. CIV.A. 11-2681-KHV, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012) ("[T]his Court does not find that Plaintiffs will be unduly prejudiced by this delay in beginning the discovery process. In fact, if the case is transferred to arbitration, Plaintiffs may benefit from not having to change course in their discovery plan. Allowing discovery at this point would, however, require Defendant to expend resources on litigation activities that it sought to avoid when it included an arbitration clause in the [] agreement.").

"Courts routinely grant stays" pending the determination of a motion to compel arbitration, because

unless discovery is stayed, [the movant] will forever lose the advantages of arbitration—speed and economy . . . [and] [i]f the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators—and if not, [the non-movant] will suffer no prejudice from a temporary stay.

Mahamedi IP Law, LLP v. Paradice & Li, LLP, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (citations omitted).

Thus, because CenturyLink has shown that its Motion to Compel Arbitration appears to be based on substantial grounds, it faces irreparable prejudice if full-scale discovery proceeds at this time, and Plaintiffs will not be prejudiced by a brief delay in discovery, CenturyLink's motion is granted.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Temporarily Stay Discovery Pending Resolution of Forthcoming Motion to Compel Arbitration and Enforce Class-Action Waivers (MDL [Docket No. 87]) is **GRANTED**.

2. Plaintiffs may conduct reasonable discovery **specifically directed to their assertion that their claims are not subject to mandatory arbitration and class-action waivers**. Additionally, Plaintiffs may conduct reasonable discovery related to CenturyLink's Alternative Motion to Dismiss under Rules 12(b)(2) and 12(b)(6), and, as the Court has previously ordered, Plaintiffs may conduct reasonable discovery specifically directed to the Motion to Intervene.  All motions

regarding discovery disputes related to this paragraph, Paragraph 2, shall be submitted to Magistrate Judge Kate M. Menendez.

3. In all other respects, discovery in this case is stayed until the Court rules on CenturyLink's Motion to Compel Arbitration.

Dated:  May 8, 2018                    s/ Michael J. Davis
                                       Michael J. Davis
                                       United States District Court